J-A07043-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| ROBERT C. KNAPP AND DIANE S. KNAPP, HIS WIFE | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | |
| v. | |
| DOUGLAS ADAMS | |
| Appellee | No. 1523 WDA 2014 |

Appeal from the Order August 18, 2014
In the Court of Common Pleas of Beaver County
Civil Division at No(s): 11792-2011

BEFORE: BENDER, P.J.E., LAZARUS, J., and MUNDY, J.

MEMORANDUM BY MUNDY, J.:                    **FILED OCTOBER 2, 2015**

Appellants, Robert C. Knapp and Diane S. Knapp, appeal from the

August 18, 2014 order granting summary judgment in favor of Appellee,

Douglas Adams in this defamation action. After careful review, we affirm.

The trial court has set forth the relevant facts and procedural history,

as follows.

> [Appellant], Robert Knapp, is a medical doctor
> with a practice concentrated in Endocrinology, with
> his office located in Bridgewater Borough.
> [Appellee], Douglas Adams, is the Chief of Police of
> Bridgewater Borough. Dr. Knapp claims that Chief
> Adams is liable to him for an alleged defamatory
> comment the Chief made during an interview that
> aired on a WPXI news broadcast, on October 27,
> 2009, regarding indecent assault charges that the
> police department filed against Dr. Knapp.

By way of background, the Bridgewater Police first received a complaint from one of Dr. Knapp's female patients in July 2009. The patient claimed Dr. Knapp had inappropriate physical contact with her during a medical exam. A few months later, the police filed formal criminal charges of indecent assault against Dr. Knapp based on the allegations of this female patient.

A few days after the formal charges were filed, on October 1, 2009, WPXI interviewed the patient regarding her allegations and published a news article on this story. Following this news report, several other women came forward reporting similar incidents with Dr. Knapp. Specifically, from October 2, 2009 through October 26, 2009, the Bridgewater Police interviewed approximately 24 of Dr. Knapp's patients. Formal criminal charges were filed by the Bridgewater Police on behalf of some of these women on October 26, 2009. The criminal charges all related to claims that Dr. Knapp had indecent physical contact with these patients during their medical exams.

After the additional formal charges were filed against Dr. Knapp, on October 27, 2009, WPXI interviewed Chief Adams in his capacity as Bridgewater's Chief of Police. That same day, the news station televised a report during the 5:00 news, at which time the station aired portions of Chief Adams interview.

Specifically, the relevant segment begins with a voiceover of the reporter stating: "First, we uncovered all of the police reports that are piling up against a well-known Beaver County doctor. Then, we were in place when Bridgewater physician, Robert Knapp, along with his attorney, appeared before a Beaver County magistrate to answer charges of indecent assault against five of his female patients."

This voiceover was accompanied by video footage of multiple criminal complaints against Dr. Knapp being set down in succession. Dr. Knapp's

attorney then made a brief statement, and the voiceover came back on giving more background details to the story.

The televised report next showed Chief Adams making the statement at issue in this litigation: "In my eyes, he definitely crossed the line. He's a—he's a predator." This single statement forms the basis of Dr. Knapp's defamation claim against Chief Adams, and was the only alleged defamatory statement contained in the pleadings.

Chief Adams statement also appeared on the websites of WPXI and the Beaver County Times, and on the front page of the Beaver County Times print version. These written news reports also summarized the nature of the allegations against Dr. Knapp, and noted that a number of female patients had reported similar allegations to the police.

Approximately one year later, on October 26, 2010, following his acquittal on the criminal indecent assault charges, Dr. Knapp and his wife, filed an action in the United States District Court for the Western District of Pennsylvania asserting claims of defamation, violation of federal constitutional rights, and loss of consortium. [On November 2, 2010, Appellants' amended their complaint.] The Federal Court dismissed all of the federal claims with prejudice, and declined to exercise jurisdiction over the state law claims.

Trial Court Opinion, 8/18/14, at 1-4 (footnote omitted).

Subsequently, on October 6, 2011, Appellants filed a praecipe to transfer the matter from federal court to the Court of Common Pleas pursuant to 42 Pa.C.S.A. § 5103. On January 18, 2013, Chief Adams filed an answer and new matter in response to Appellants' November 2, 2010 amended complaint which alleged, *inter alia*, claims of defamation and loss

of consortium. Appellants filed an answer to Chief Adams new matter on February 4, 2013. Thereafter, on March 7, 2014, Chief Adams filed a motion for summary judgment. In his motion Chief Adams argued he was entitled to summary judgment on the bases: (1) he prefaced the statement by the words "in my eyes" signaling it was "an expression of his opinion", (2) he is entitled to immunity as public official, and (3) he is entitled to summary judgment on the loss of consortium claim on the basis that Dr. Knapp's defamation claim is meritless. Chief Adams' Motion for Summary Judgment, 3/7/14, at 4-5, ¶¶ 13-15. A hearing was held on April 16, 2014, and on August 18, 2014, the trial court granted Chief Adams' motion for summary judgment.

On September 15, 2014, Appellants filed a timely notice of appeal, and on September 16, 2014, the trial court filed an order stating its August 18, 2014 memorandum opinion shall serve as its opinion pursuant to Pennsylvania Rule of Appellant Procedure 1925(a). Said order did not require Appellants to file a concise statement of errors complained of on appeal pursuant to Rule 1925(b). Nevertheless, on October 3, 2014, Appellants filed a Rule 1925(b) statement.

On appeal, Appellants raise the following issues for our review.

> [1.] Whether the trial court erred as a matter of law when it ruled that Adams' statement "in my eyes … he's a predator" operated as a defense to the claim of defamation because the otherwise defamatory statement was preceded with signal words which is not in accord to the precedent set

- 4 -

forth in ***Milkovich v. Lorain Journal Co.,*** 497 U.S. 1, 18-19 (U.S. 1990)?

[2.] Whether the trial court erred as a matter of law when it refused to consider the entire statement made by Adams in the same news broadcast as part of the context in which the beginning of his statement was made pursuant to ***Baker v. Lafayette College***, 532 A.2d 399, 402 ([Pa.] 1987)?

[3.] Whether the trial court erred as a matter of law, and also abused its discretion, when it determined on summary judgment that the statements made by Adams were incapable of defamatory meaning, when those statements were false and derogatory, and provably lowered [Appellant Dr. Knapp]'s personal and professional reputation in the eyes of the community?

Appellants' Brief at 4.

We begin by noting our well-settled standard of review.

"[O]ur standard of review of an order granting summary judgment requires us to determine whether the trial court abused its discretion or committed an error of law[,] and our scope of review is plenary." ***Petrina v. Allied Glove Corp.,*** 46 A.3d 795, 797–798 (Pa. Super. 2012) (citations omitted). "We view the record in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party." ***Barnes v. Keller***, 62 A.3d 382, 385 (Pa. Super. 2012), *citing* ***Erie Ins. Exch. v. Larrimore***, 987 A.2d 732, 736 (Pa. Super. 2009) (citation omitted). "Only where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to a judgment as a matter of law will summary judgment be entered." ***Id.*** The rule governing summary judgment has been codified at Pennsylvania Rule of Civil Procedure 1035.2, which states as follows.

**Rule 1035.2. Motion**

After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law

> (1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or
>
> (2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury.

Pa.R.C.P. 1035.2.

"Where the non-moving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers in order to survive summary judgment." *Babb v. Ctr. Cmty. Hosp.*, 47 A.3d 1214, 1223 (Pa. Super. 2012) (citations omitted), *appeal denied,* 65 A.3d 412 (Pa. 2013). Further, "failure of a non-moving party to adduce sufficient evidence on an issue essential to his case and on which he bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law." *Id.*

Thus, our responsibility as an appellate court is to determine whether the record either establishes that the material facts are undisputed or contains insufficient evidence of facts to make out a prima facie cause of action, such that there is no issue to be decided by the fact-finder. If there is evidence

- 6 -

> that would allow a fact-finder to render a verdict in favor of the non-moving party, then summary judgment should be denied.
>
> *Id., citing* ***Reeser v. NGK N. Am., Inc.,*** 14 A.3d 896, 898 (Pa. Super. 2011), *quoting* ***Jones v. Levin****,* 940 A.2d 451, 452–454 (Pa. Super. 2007) (internal citations omitted).

***Cadena v. Latch***, 78 A.3d 636, 638-639 (Pa. Super. 2013).

Instantly, we recognize that each of Appellants' three issues are interrelated. First, Appellants asserts the trial court erred in holding that the "statement made by Adams were opinions and, as such, were not subject to defamatory meaning." Appellants' Brief at 15. Second, Appellants argues the "trial court erred when it refused to consider the other factual allegations in Adams' statement made in the same news broadcast as part of the context in which the alleged defamatory statement was made." ***Id.*** at 16. Finally, Appellants argues the "statement made by Adams is not capable of defamatory meaning." ***Id.*** at 19. Accordingly, we begin by examining Chief Adams' statement to determine if the trial court abused its discretion in granting summary judgment on the basis that there was no issue of material fact regarding its defamatory meaning.

"Defamation, … is the tort of detracting from a person's reputation, or injuring a person's character, fame, or reputation, by false and malicious statements." ***Joseph v. Scranton Times, L.P.***, 959 A.2d 322, 334 (Pa. Super. 2008) (citation omitted), *appeal dismissed*, 982 A.2d 1223 (Pa. 2009). In a defamation case, the plaintiff first bears the burden of proving

the cause of action, if properly pled, the defendant must then prove the following elements.

**§ 8343. Burden of proof**

**(a) Burden of plaintiff.--**In an action for defamation, the plaintiff has the burden of proving, when the issue is properly raised:

> (1) The defamatory character of the communication.
>
> (2) Its publication by the defendant.
>
> (3) Its application to the plaintiff.
>
> (4) The understanding by the recipient of its defamatory meaning.
>
> (5) The understanding by the recipient of it as intended to be applied to the plaintiff.
>
> (6) Special harm resulting to the plaintiff from its publication.
>
> (7) Abuse of a conditionally privileged occasion.

**(b) Burden of defendant.--**In an action for defamation, the defendant has the burden of proving, when the issue is properly raised:

> (1) The truth of the defamatory communication.
>
> (2) The privileged character of the occasion on which it was published.
>
> (3) The character of the subject matter of defamatory comment as of public concern.

42 Pa.C.S.A. § 8343.

Instantly, Appellants argue the trial court erred as a matter of law in finding that Chief Adams statement was an opinion, and therefore was not defamatory. Appellants argue "the trial court relied on the flawed assumption that, if a potentially defamatory statement is preceded by certain signaling words, the statement is a non-actionable opinion." Appellants' Brief at 15. Appellants further argues that in ***Milkovich v. Loarin Journal Co.***, 497 U.S. 1 (1990), the United States Supreme Court held that words signaling an opinion, created "at best, the rebuttable presumption that the statement is intended by the speaker to be an opinion." ***Id.*** at 16.

In ***Milkovich***, the Supreme Court held that there is no "wholesale defamation exemption for anything that might be labeled 'opinion.'" ***Milkovich***, ***supra*** at 18. The Court clarified as follows.

> If a speaker says, "In my opinion John Jones is a liar," he implies a knowledge of facts which lead to the conclusion that Jones told an untruth. Even if the speaker states the facts upon which he bases his opinion, if those facts are either incorrect or incomplete, or if his assessment of them is erroneous, the statement may still imply a false assertion of fact. Simply couching such statements in terms of opinion does not dispel these implications; and the statement, "In my opinion Jones is a liar," can cause as much damage to reputation as the statement, "Jones is a liar."
>
> …
>
> [W]here a statement of "opinion" on a matter of public concern reasonably implies false and defamatory facts regarding public figures or officials,

- 9 -

those individuals must show that such statements were made with knowledge of their false implications or with reckless disregard of their truth. Similarly, where such a statement involves a private figure on a matter of public concern, a plaintiff must show that the false connotations were made with some level of fault[.]

*Id.* at 18-19, 21.

However, our Supreme Court cautioned as follows.

A critical factor in determining whether a communication is capable of defamatory meaning … is the nature of the audience hearing the remarks. [O]pinion without more does not create a cause of action in libel. Instead, the allegedly libeled party must demonstrate that the communicated opinion may reasonably be understood to imply the existence of undisclosed defamatory facts justifying the opinion.

*Baker v. Lafayette Coll.*, 532 A.2d 399, 402 (Pa. 1987) (citations and quotation marks omitted).

Applying the aforementioned standards to the instant matter, we conclude the trial court did not abuse its discretion or commit an error of law in granting summary judgment.[1]  At the April 16, 2014 summary judgment

_____

[1] We note that the law relied upon by the trial court regarding the higher standard in matters of public concern would only apply if the parties in this case were in inverse positions, *i.e.* had Appellant made defamatory statements against Chief Adams, a public figure. *See* Trial Court Opinion, 8/18/14, at 6. Accordingly, *Lewis v. Phila. Newspapers, Inc.*, 833 A.2d 185 (Pa. Super. 2003), *appeal denied*, 844 A.2d 553 (Pa. 2004), and the trial court's reasoning based on the facts therein, are inapplicable. Nevertheless the trial court's subsequent analysis accurately reflects the law of this Commonwealth, and we agree with its ultimate resolution. *See* *(Footnote Continued Next Page)*

hearing, counsel for Chief Adams, Karin Romano, Esquire (Attorney Romano), argued as follows.[2]

> As is reflected in the, the footage of the news report, the statement was prefaced by a voice over, which referred to a number of police reports which were filed against Dr. Knapp.
>
> There was a statement that charges of indecent assault had been filed on behalf of five of his patients. There was a statement that Dr. Knapp was contesting the charges and maintained that he would be exonerated, and immediately proceeding [sic] the statement, there was a voice over that since early October, six women had accused Dr. Knapp of molesting them during appointments.
>
> It's at this point in the broadcast that Chief Adams is shown stating, "In my eyes he definitely crossed the line. He's a predator," and that's the defamatory statement that's alleged in the

_(Footnote Continued)_ ――――――――――

***generally*** Trial Court Opinion, 8/18/14, at 6-8. Further, although not the basis for the trial court's ruling, ***McKibben v. Schmotzer***, 700 A.2d 484, (Pa. Super. 1997) held that an exemption for "the doctrine of absolute privilege for high public officials" is "unlimited and exempts a high public official from all civil suits for damages arising out of false defamatory statements and even from statements or actions motivated by malice, provided the statements are made or the actions are taken in the course of the official's duties or powers and within the scope of his authority, or as it is sometimes expressed, within his jurisdiction." ***Id.*** at 488. Further, the ***McKibben*** Court noted that "the parameters establishing 'high public official' status would be delineated by the judiciary on a case-by-case basis." ***Id.*** Nevertheless, we need not reach this exception as we conclude that the trial court did not commit an error of law or abuse its discretion in granting summary judgment on the basis that Chief Adams' statement was an opinion based on disclosed facts, and therefore no issue of material fact exists.

[2] Appellants' Brief in Support of Summary Judgment contains a DVD copy of the full segment which aired on October 27, 2009. ***See*** Appellants' Brief in Support of Summary Judgment, 3/7/14, at Exhibit K.

pleadings, and that Dr. Knapp himself testified as the basis of his claim.

Following the statement in the news report, there's a voice over that the Bridgewater Chief of Police told me the women say Knapp groped, fondled, and kissed them at some time during their exams, and immediately following this, Chief Adams himself is shown stating, "Indecent conduct, you know, just different unethical touching of their body parts that shouldn't have happened for the type of exam they went in for."

In opposing summary judgment, [Appellant] has focused primarily on this later statement, which I'll refer to as the unethical touching statement, and for brevity I'll refer to the former statement as the predator statement, and [Appellant] is now contending that the unethical touching statement is defamatory in itself.

We think it's clear from the context of the broadcast, as, of course, reflected in the video footage, that Chief Adams was simply describing the nature of the allegations that were made when he referred to the indecent contact and unethical touching, and those allegations are also reflected in the police reports that have been submitted in our appendix as Exhibt H and Exhibit I.

The other major problem with [Appellant]'s argument is that the later statement regarding unethical touching and being unrelated to the type of examination they went in for is that that statement was never raised at any point in the proceedings until now, their brief in opposition to summary judgment.

J-A07043-15

N.T, 4/16/14, at 6-8.[3]

In concluding summary judgment was proper, the trial court reasoned as follows.

> First, the statement was prefaced with the words "in my eyes," which signifies an opinion. Additionally, the statement was made in response to an interview by WPXI regarding multiple allegations against Dr. Knapp.  The broadcast states as many as 30 women made allegations of inappropriate touching by Dr. Knapp, and criminal charges had been filed on behalf of some of those women on the basis of those allegations.  These reports summarize the nature of the allegations against Dr. Knapp, and note that a number of the female patients had reported similar allegations to the police.

> **The [trial c]ourt believes the factual basis of Chief Adams' statement was disclosed in the police reports, criminal charges, and both the televised and written news reports.  There was**

_____

[3] Appellant's counsel acknowledged to the trial court that Dr. Knapp's complaint and subsequent arguments are based solely on the "predatory statement."  **See** N.T., 4/16/14, at 19 (regarding the "unethical touching" counsel stated "I never said that was defamation. … I just said the predator statements []").  Therefore, our review is confined solely to the first statement.  Further, Chief Adams Brief in Support of Motion for Summary Judgment contains the criminal complaints filed prior to Chief Adams interview, where the complainants assert allegations of inappropriate touching by Dr. Knapp which were the basis of Chief Adams subsequent statement.  **See** Brief in Support of Motion for Summary Judgment, 3/7/14, at 3, n.2 ("One such patient reported that [Appellant] placed his hands on her thighs, spread her legs, and told her that she was beautiful and could be a model.  … Several patients reported that [Appellant] had them in a seated position during breast exams, which reportedly consisted of him grabbing or squeezing their nipples, or 'caressing' their breasts.  … Several patients reported [Appellant] kissed them or attempted to do so, and one patient reported that [Appellant] initiated intercourse with her, which thereafter occurred on an ongoing basis during her appointments[]").

> **no suggestion in the broadcast that Chief Adams relied on hidden facts or false facts to form his opinion. In fact, the news broadcast even displayed images of the criminal complaints against Dr. Knapp before broadcasting Chief Adams' statement. Chief Adams' statement was clearly based on the numerous reports and charges against Dr. Knapp, all of which were disclosed. Thus, as a matter of law, the [trial c]ourt finds Chief Adams' statement was an opinion, and the factual basis for the opinion was disclosed.**

Trial Court Opinion, 8/18/14, at 7-8 (emphasis added).

The record supports the trial court's conclusion. As trial counsel for Chief Adams noted, "the statement of opinion by Chief Adams is surrounded by factual basis for that opinion." N.T., 4/16/14, at 10. Further, counsel correctly noted that the broadcast stated "that as many as 30 women had made allegations to this effect of inappropriate physical conduct of physical conduct or physical contact during medical exams, and that criminal charges had been filed on behalf of five of those women on the basis of those allegations." *Id.* at 10-11; *see also* Chief Adams Brief in Support of Motion for Summary Judgment, 3/17/14, at Exhibit H and I. Additionally, previous news reports had covered the pending criminal allegations against Appellant. *Id.* at Exhibit D, "Woman Speaks to WPXI, Accuses Doctor of Groping Her," 10/1/09, at 1 (wherein a complainant told the media Dr. Knapp straddled her while she was lying on her stomach, rubbed her upper back, squeezed her buttocks, pulled her head towards his, and tried to kiss her).

The aforementioned evidence supports the trial court's conclusion that Chief Adams' statement, "[i]n my eyes, he definitely crossed the line. He's a – he's a predator[,]" was an opinion of Chief Adams based on facts known to him and the public at the time said statement was made. ***See Baker***, ***supra***. Accordingly, there was no issue of material fact for a jury to decide.

Based on the foregoing, we conclude the trial court did not abuse its discretion or commit an error of law when it denied Appellants' motion for summary judgment. ***See Cadena***, ***supra***. Accordingly, the trial court's August 18, 2014 order is affirmed.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/2/2015